**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4970**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH N. HARVEY,

                    Defendant – Appellant.

_____

**No. 09-5030**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MICHAEL G. KRONSTEIN,

                    Defendant – Appellant.

_____

Appeals from the United States District Court for the Western
District of Virginia, at Charlottesville.   Norman K. Moon,
Senior District Judge. (3:06-cr-00023-nkm-mfu-1; 3:06-cr-00023-
nkm-2)

_____

Submitted:  November 29, 2010      Decided:  December 16, 2010

_____

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Charlottesville, Virginia; Franklin B. Reynolds, Jr., FRANKLIN B. REYNOLDS, JR., P.C., Washington, Virginia, for Appellants. Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Jack Smith, Edward J. Loya, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kenneth N. Harvey and Michael G. Kronstein of honest services wire fraud and bribery arising from a scheme in which Harvey, a civilian employee with U.S. Army Intelligence and Security Command (INSCOM), orchestrated the award of a sole-source contract to Program Contract Services, Inc. ("PCS"), a corporation wholly owned and controlled by Kronstein, in exchange for financial remuneration. On appeal, we affirmed the defendants' convictions and sentences but vacated a restitution award and remanded for further proceedings. United States v. Harvey, 532 F.3d 326 (4th Cir. 2008). On remand, the district court held an evidentiary hearing and awarded restitution to INSCOM in the amount of $319,923.30. Harvey and Kronstein have again appealed. We affirm.

In our previous opinion, we concluded that the Government had failed to prove actual loss, as required for restitution awards under 18 U.S.C.A. § 3663 (West 2000 & Supp. 2010). Harvey, 532 F.3d at 339-40. We held that PCS's gain was not a permissible proxy for actual loss and remanded "so that [the district court] may determine whether the amount of loss can be calculated." Id. at 341. On remand, the district court ordered briefing and held an evidentiary hearing, at which the Government presented testimony from two witnesses. After the

3

hearing, the district court issued a written order awarding restitution to the Government. The court rejected the Government's theory that the contract was unnecessary but adopted the theory that the Government paid for nine employees in 1999 but received the services of only six. The court specifically found (1) that PCS's contract was a level-of-effort contract, not a firm-fixed-price contract; (2) that Kronstein's contract proposal identified nine positions but filled only six; (3) that Kronstein submitted work invoices to INSCOM billing for a total of nine employees; and (4) that Harvey approved payment for the invoices.

Harvey and Kronstein make two arguments on appeal. First, they argue that the district court violated the mandate rule in awarding restitution. In the alternative, they argue that the district court's new restitution order is an abuse of discretion.

The mandate rule is "merely a specific application" of the law of the case doctrine, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks omitted). "Although the doctrine applies both to questions actually decided as well as to those decided by necessary implication, it does not reach questions which might have been decided but were not." Sejman v. Warner-Lambert Co.,

4

845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted).

Applying these standards, we conclude that the district court did not violate the mandate rule on remand. Our prior opinion decided only a single question regarding restitution: whether a defendant's gain could be used as a proxy for actual loss, and answered that question in the negative. In so doing, we noted that there was "no evidence of actual loss" presented during trial or sentencing and that, although there was testimony that PCS failed to comply with certain aspects of the contract by, "for example, failing to hire the contractually required number of employees," there was no testimony to "establish the amount of loss INSCOM actually suffered." Harvey, 532 F.3d at 340. We also concluded, however, that INSCOM was appropriately considered a "victim" for restitution purposes and remanded for the district court to determine "whether the amount of actual loss can be calculated" and, "[i]f so . . . whether . . . new restitution orders should issue and in what amount and form." Id. at 341.

On remand, the Government offered testimony regarding two potential theories supporting restitution, and we find the district court did not violate the mandate rule in awarding restitution based on this testimony. Our earlier opinion mentioned that the Government had previously submitted evidence

5

that PCS did not have the requisite number of employees but that the Government had failed to show an actual loss emanating from PCS's failure. We did not decide whether the Government could ever establish loss from PCS's failure to hire the requisite employees and the Government was clearly permitted to put forth such evidence, which it did with the testimony. Our earlier opinion stated only that the district court erred by equating PCS's gain with INSCOM's loss; on remand, the district court fully complied with our mandate in holding an evidentiary hearing and awarding restitution based upon the amount of actual loss to INSCOM.

Harvey and Kronstein argue in the alternative that the district court again abused its discretion in awarding restitution. We review court-ordered restitution for abuse of discretion. United States v. Vinyard, 266 F.3d 320, 325 (4th Cir. 2001). A district court may impose restitution in any case resulting in harm to a "victim." 18 U.S.C.A. § 3663(a)(1)(A), (a)(2). In awarding restitution, the district court must determine the "amount of loss sustained by any victim." 18 U.S.C.A. § 3664(a) (West 2000 & Supp. 2010). The Government bears the burden of proving the amount of restitution by a preponderance of the evidence. Harvey, 532 F.3d at 339.

We hold that the district court did not abuse its discretion in awarding $319,923.30 in restitution. Harvey and

6

Kronstein note that three INSCOM employees testified during trial that the contract was a firm-fixed-price contract. None, however, was responsible for the direct administration of the contract. The contracting officer, in contrast, testified that the contract was a "firm-fixed-price, level-of-effort" contract with a "ceiling" for the number of hours the Government would pay. In addition, the contract itself contained the notation "FFP-LOE," bolstering the reliability of this construction of the contract.

Harvey and Kronstein also contend that the district court incorrectly found that PCS was required to supply nine employees by examining the contract proposal, which was not included in the contract. The district court found that the contract proposal was part of the contract, based upon the contracting officer's testimony. In addition, during the period when PCS submitted detailed invoices, those invoices applied the rates in the contract proposal.

Accordingly, we affirm the district court's restitution award. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7